IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE JAMES FREEMAN, <br> TDCJ #1691622, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-0458 |

## MEMORANDUM AND ORDER

State inmate Clyde James Freeman (TDCJ #1691622) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction. The respondent has filed a motion for summary judgment, arguing that Freeman is not entitled to relief [Doc. # 10]. Freeman has filed a reply [Doc. # 16]. After reviewing all of the pleadings, the state court records, and the applicable law, the court will grant the respondent's motion and dismiss this case for reasons set forth below.

## I.     BACKGROUND

A grand jury in Montgomery County returned an indictment against Freeman in cause number 09-11-11188-CR, charging him with felony driving while intoxicated

("felony DWI").[1]  The charge was enhanced for purposes of punishment with allegations that Freeman was a habitual offender with at least nine prior felony convictions.[2]  A jury in the 453rd District Court for Montgomery County found Freeman guilty as charged.[3]  The trial court found that the enhancement allegations were true and assessed punishment at 40 years' imprisonment.[4]

On direct appeal, Freeman argued that the trial court erred by (1) releasing a defense witness from his subpoena; (2) denying his request for a jury instruction on misdemeanor DWI; (3) failing to properly charge the jury on prior DWI convictions with a limiting instruction; (4) improperly commenting on Freeman's guilt in the jury charge; and (5) denying his motion to suppress the results of a breath test.  The court of appeals rejected all of these arguments and affirmed the conviction after summarizing the evidence presented at trial:

> Courtney Philpott testified that she was working at a diner in Magnolia on September 19, 2009, when [Freeman] entered the diner and placed a to-go order.  She testified that [Freeman] was being loud and smelled of alcohol.  He told her, "I've been drinking all day. I'm probably drunk."  While [Freeman] sat in his vehicle and waited for his order, Philpott saw him drinking from a glass alcohol bottle.  She knew he was drunk.  After

---

[1]   Indictment [Doc. # 11-40], at 33-35.

[2]   *Id.*

[3]   Judgment of Conviction by Jury [Doc. # 11-40], at 36.

[4]   *Id.*

[Freeman] left, and with the encouragement of other customers in the diner, she called the police to report the possibly intoxicated driver.

Corporal Jose Lopez of the Magnolia Police Department testified that on September 19, 2009, he was in his patrol vehicle when he received a call over the radio of a person that was intoxicated at a diner. Around the time he heard the call on the radio, he observed [Freeman]'s car several vehicles in front of him swerve and have trouble maintaining a lane. [Freeman] was driving partially in the center turn lane that separated the northbound and southbound lanes of Magnolia Boulevard. When Lopez activated the lights and sirens on his patrol vehicle, [Freeman] made a right turn without signaling, almost causing an accident with the vehicle behind him. [Freeman] turned into the parking lot of a convenience store, and he parked a little bit sideways, taking up two parking spaces. By the time Lopez stopped his vehicle beside [Freeman]'s car, another officer had entered the convenience store to retrieve [Freeman]. The officers brought [Freeman] outside. Lopez noticed a very strong odor of alcohol emanating from [Freeman]; [Freeman]'s speech was slurred; and he had significant trouble maintaining his balance. Lopez conducted an HGN test to check if [Freeman]'s eyes would "track properly." [Freeman]'s eyes did not track properly, which indicated to Lopez that [Freeman] was possibly impaired. Thus, Lopez administered two standardized field sobriety tests - - the "walk and turn" and "one-legged stand." On the first test, Lopez observed seven clues of intoxication; on the second, Lopez observed three. On each test, two positive clues indicate intoxication.

[Freeman] was arrested, and Lopez informed [Freeman] of his *Miranda* rights. While inventorying the vehicle, the officers found a glass bottle containing a liquid that smelled like alcohol. [Freeman] said it was vodka.

Lopez asked [Freeman] whether he would give a breath or blood sample, and [Freeman] said, "Fuck you." Lopez understood that response to be a refusal to a breath test. Lopez said, "You know we're going to take blood from you," and [Freeman] told him to take it. Lopez testified that he did not read to [Freeman] the "DIC-24" statutory warnings at the

> scene,[5] but he did read the warnings after transporting [Freeman] to jail. Lopez again asked [Freeman] if he would take a breath test, and [Freeman] consented. Glenn Merkork, a forensic scientist, testified that [Freeman] blew 0.225 on the intoxilyzer, which was between two and three times the *per se* definition of intoxication of 0.08.
>
> Mark Wright testified that he was a latent print examiner with the Montgomery County Sheriff's Office. He compared [Freeman]'s fingerprint with unknown fingerprints in State's Exhibit 7, which included two judgments of conviction for driving while intoxicated. He testified that [Freeman]'s known print matched the two ink prints in Exhibit 7.

*Freeman v. State*, 413 S.W.3d 198, 202-03 (Tex. App. — Houston [14th Dist.] 2013). Thereafter, the Texas Court of Criminal Appeals denied Freeman's petition for discretionary review. *See Freeman v. State*, PD No. 0788-14 (Tex. Crim. App. Oct. 1, 2014).

Freeman challenged his conviction further by filing an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[6] In that application Freeman argued that he was denied effective assistance of counsel because his trial attorney failed to (1) respond adequately to a jury note about the number of previous DWI offenses he had; (2) effectively argue the Texas Rules of Evidence regarding attacks on a witness's character; and (3) file a motion to quash

---

[5] These warnings provide, among other things, some of the potential consequences of refusing or submitting to a breath or blood test. *See* TEX. TRANSP. CODE ANN. § 724.015.

[6] Application for a Writ of Habeas Corpus [Doc. # 11-40], at 5-14.

some of the enhancement allegations in the indictment.[7] The state habeas corpus court entered findings of fact and concluded that Freeman was not entitled to relief.[8] The Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[9]

In his pending federal habeas corpus petition Freeman contends that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons: (1) he was denied the right to confront and cross-examine a witness who was released by the trial court (Sergeant Valdez); (2) he was denied the right to compulsory process when the trial court released Sergeant Valdez; and (3) he was denied effective assistance of counsel when his attorney failed to (a) file a motion *in limine* regarding the number of previous DWI convictions he had; and (b) to impeach Corporal Lopez's testimony during cross-examination.[10] The respondent moves for summary judgment, arguing that the petition must be dismissed because Freeman is not entitled to relief under the governing federal habeas corpus standard of review.

---

[7] *Id.* at 9-12.

[8] Findings of Fact and Conclusions of Law [Doc. # 11-40], at 29-32.

[9] Action Taken on Writ No. 76,787-03 [Doc. # 11-39], at 1.

[10] Petition [Doc. # 1], at 6-7.

## II.     DISCUSSION

### A.     Confrontation Clause — Procedural Default

Freeman argued on direct appeal that he was denied his right to confront and cross-examine a defense witness in violation of the Sixth Amendment Confrontation Clause when the trial court released Sergeant Valdez from his subpoena.[11] As summarized by the state court of appeals, the record reflects that Sergeant Valdez was available on the first day of trial and testified briefly as a rebuttal witness outside the jury's presence during a suppression hearing, but was later excused by the trial court:

> On the first day of witness testimony, Corporal Lopez testified in front of the jury about the facts of [Freeman]'s case until reaching the testimony concerning [Freeman]'s breath test. At that point, the trial court held a suppression hearing outside the jury's presence. During cross-examination in that hearing, Lopez responded "no" to whether he "ever had any problems with [his] own agency as far as being truthful with them." [Freeman]'s counsel indicated he had a witness who would contradict Lopez's answer. [Freeman] then called Sergeant Greg Valdez, Lopez's superior, and asked whether there had been prior incidents "where you made determinations that [Lopez] was not truthful." Valdez testified that there was "one incident that he was wrote up," where Valdez believed Lopez was untruthful to him.[12] But Valdez also testified that there was never any finding that Lopez lied; the matter was neither referred for disciplinary action nor investigated; and it was dismissed.

---

[11]     Appellant's Brief [Doc. # 13-2], at 9.

[12]     The trial court admitted Defense Exhibit 1 for purposes of the suppression hearing. The exhibit was Valdez's report of the incident, describing the infraction of "dishonest or untruthfulness." The incident concerned whether Lopez had received a request to help another officer look for some keys. It was not related to [Freeman]'s case.

6

> At the end of the first day of trial, the court told Lopez and Valdez that they would be on call the following day, but Valdez told the court that he had nonrefundable airplane tickets to go on vacation that night. The court said it was inclined to release Valdez, and trial counsel said, "I would just have to object." The court said it did not anticipate Valdez's testimony about Lopez being admissible, stating that the incident was "far afield and not related to this offense." Nonetheless, the court suggested [Freeman] could introduce the records of the incident even though they were hearsay, and the State said there was no problem with that. The court suggested further that another witness on the key incident could come in, or "we can read back his testimony [from the suppression hearing]" The court released Valdez, noting that "[i]f it becomes an issue, then the State can call you back."
>
> The court also explained that if [Freeman] wanted to attack Lopez's credibility with Valdez's testimony, the court would reverse its position and allow the State to elicit testimony concerning Lopez's prior arrest of appellant for DWI. Thus, during [Freeman]'s cross-examination of Lopez in front of the jury on the following day, [Freeman] did not ask Lopez about the "untruthful" incident nor offer any evidence about that incident. On the third and final day of trial, after both sides had rested, [Freeman] wanted to "make a record with a bill" concerning Valdez. [Freeman] contended that releasing Valdez violated the Compulsory Process Clause of the Amendment. [Freeman] did not mention the Confrontation Clause or Rule 613 of the Texas Rules of Evidence.

*Freeman*, 413 S.W.3d at 203-04 (footnoted renumbered in original). The court of appeals expressly found that Freeman failed to preserve error by raising a contemporaneous objection based on the Confrontation Clause. *See Freeman*, 413 S.W.3d at 204-05. Because the court of appeals found that his Confrontation Clause claim was barred by an independent state procedural rule requiring a contemporaneous

objection,[13] the respondent argues that this claim is also precluded from federal habeas review by the doctrine of procedural default.

"[A federal habeas corpus court] will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also Lee v. Kemna*, 534 U.S. 362, 375 (2002). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60, 130 S. Ct. 612, 617 (2009)). The Fifth Circuit "has consistently held that the Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999); *see also Allen v. Stephens*, 805 F.3d 617, 635 (5th Cir. 2015). As a result,

---

[13] The contemporaneous objection rule provides that a party must make a timely, specific objection to preserve error for appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006). "The contemporaneous objection rule requires that the objection be presented to the trial court to provide that court with an opportunity to prevent any error." *Shelvin v. State*, 884 S.W.2d 874, 876 (Tex. App. — Austin 1994, pet. ref'd) (citing *Rhett v. State*, 839 S.W.2d 93, 94 (Tex. Crim. App. 1992)). Under this rule, "a contemporaneous objection must be made and an adverse ruling obtained" before an issue may be considered by an appellate court. *Barnes v. State*, 70 S.W.3d 294, 307 (Tex. App. — Fort Worth 2002, pet. ref'd) (citation omitted).

review of Freeman's Confrontation Clause claim is precluded unless he fits within an exception to the procedural bar.

If a petitioner has committed a procedural default, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Freeman makes no effort to demonstrate that any of these exceptions apply and the court's own review of the record does not disclose a basis to overcome his procedural default. Accordingly, his Confrontation Clause claim is barred from federal review and will not be addressed further.

### B.     Compulsory Process

Freeman claims that he was denied the Sixth Amendment right to compulsory process when the trial court released Sergeant Valdez from his subpoena. The court of appeals reviewed this claim on the merits and found that releasing Valdez did not violate Freeman's right to compulsory process. *See Freeman*, 413 S.W.3d at 205-06. The respondent argues that Freeman is not entitled to relief under the governing habeas corpus standard of review because the state court's decision was not unreasonable or wrong.

9

To the extent that this claim was adjudicated on the merits in state court, it is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); *see also Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The AEDPA standard "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)); *see also White*, 134 S. Ct. at 1702.

In this instance, the intermediate state court of appeals considered and rejected Freeman's claim that he was denied compulsory process because Freeman failed to show that the missing witness's testimony was material:

> "We review complaints concerning limitations on the right to compulsory process under an abuse-of-discretion standard." *Lawal v. State*, 368 S.W.3d 876, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Drew v. State*, 743 S.W.2d 207, 225 n. 11 (Tex. Crim. App. 1987)). The Sixth Amendment right to compulsory process "'is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.'" *Coleman v. State*, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998) (quoting *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L.Ed.2d 1019 (1967)). "The Sixth Amendment does

not guarantee, however, the right to secure the attendance and testimony of any and all witnesses; rather, it guarantees only compulsory process for obtaining witnesses whose testimony would be both material and favorable to the defense." *Id*. at 527-28. The burden to show materiality is on the defendant. *Id*. at 528.

Under the Compulsory Process Clause, evidence is material "'only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact.'" *Harris v. Thompson*, 698 F.3d 609, 627-28 (7th Cir. 2012) (quoting *U.S. v. Valenzuela–Bernal*, 458 U.S. 858, 874, 102 S. Ct. 3440, 73 L.Ed.2d 1193 (1982)); *see also Gov't of Virgin Islands v. Mills*, 956 F.2d 443, 446 (3d Cir. 1992). Accordingly, a defendant does not have a right to compulsory process for testimony that is "'incompetent, privileged or otherwise inadmissible under standard rules of evidence.'" *United States v. Walker*, 410 F.3d 754, 758 (5th Cir. 2005) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410-11, 108 S. Ct. 646, 98 L.Ed.2d 798 (1988)); *accord Clark v. State*, No. 04–10–00540–CR, 2012 WL 3025685, at *7-8 (Tex. App. — San Antonio July 25, 2012, no pet.) (mem. op., not designated for publication) (no violation of right to compulsory process because the evidence was inadmissible under the Texas Rules of Evidence); *Edwards v. State*, No. 05–91–01087–CR, 1993 WL 15491, at *6 (Tex. App. — Dallas Jan. 27, 1993, pet. ref'd) (not designated for publication) (no violation of right to compulsory process because the evidence was merely impeachment on a collateral matter and thus inadmissible under Rule 608 of the former Texas Rules of Criminal Evidence).

[Freeman] has failed to show that Sergeant Valdez's testimony was material as a matter of law. In particular, the trial court would have acted within its discretion to exclude Valdez's testimony under Rule 608 of the Texas Rules of Evidence. Rule 608(b) provides, "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." TEX. R. EVID. 608(b). Under this rule, a witness's character for truthfulness may not be attacked by offering extrinsic evidence concerning specific prior instances of untruthfulness. *Hammer v. State*, 296 S.W.3d 555, 563 (Tex. Crim. App. 2009).

12

> Evidence that Valdez had believed Lopez was untruthful during a prior, unrelated incident is exactly the type of evidence made inadmissible by Rule 608(b): it is extrinsic evidence concerning a specific prior instance of untruthfulness. [Freeman] has failed to establish a reasonable likelihood that the testimony could have affected the jury's verdict. *See United States v. Romero–Cruz*, 201 F.3d 374, 377-78 (5th Cir. 2000) (finding no compulsory process violation when the purported witness "would at most have impeached [another witness] on a collateral matter," and the defendant "failed to establish a reasonable likelihood that [the purported witness's] testimony would have affected the judgment of the jury").[14] The trial court did not abuse its discretion in concluding that releasing Valdez did not violate [Freeman's] right to compulsory process.

*Freeman*, 413 S.W.3d at 205-06 (footnote renumbered in original).

Freeman does not establish that Sergeant Valdez's proposed testimony was admissible or material in this instance. Absent a showing that the evidence was material and favorable to his defense, Freeman does not establish a violation of the right to compulsory process. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *Washington v. Texas*, 388 U.S. 14, 16 (1967). More importantly, Freeman does not demonstrate that the state court's decision was contrary to clearly established Supreme Court precedent and he does not otherwise show that the state court's decision was objectively unreasonable. As a result, Freeman is not entitled to

---

[14] *Cf. Whitmore v. State*, 570 S.W.2d 889, 896–98 (Tex. Crim. App. 1976) (the defendant's Sixth Amendment right to compulsory process was violated when the trial court denied a motion for new trial based on newly available testimony that was "admissible and not merely cumulative, corroborative, collateral, or impeaching; and [the] materiality was such as would probably bring about a different result on another trial").

relief on this issue under the highly deferential standard found in 28 U.S.C. § 2254(d).

### C. Ineffective Assistance of Counsel — Procedural Default

In his only remaining claim for relief, Freeman contends that he was denied effective assistance of counsel when his defense attorney failed to (a) file a motion *in limine* regarding the number of previous DWI convictions he had; and (b) impeach Corporal Lopez during cross-examination with Sergeant Valdez's testimony from the suppression hearing or with departmental records.[15] The respondent notes that these allegations were not raised on state habeas corpus review, where Freeman asserted different ineffective-assistance allegations.[16] Because these claims are unexhausted and Freeman cannot now return to state court with a successive habeas petition, the respondent argues that his claims are procedurally barred.

The federal habeas corpus statutes require petitioners to first present their claims in state court and to exhaust all state court remedies through proper adjudication. *See* 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement the petitioner must first present his claims to the highest state court in a procedurally proper manner so that the state court is given a fair opportunity to consider and pass

---

[15] Petition [Doc. # 1], at 6-7.

[16] Application for a Writ of Habeas Corpus [Doc. # 11-40], at 9-12.

upon challenges to a conviction before those issues come to federal court for habeas corpus review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). If an inmate seeking habeas corpus relief fails to exhaust an issue in state court and no more avenues exist to do so, then a procedural default has occurred and that issue cannot be raised in a federal habeas corpus proceeding. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

The record confirms that Freeman did not raise the same ineffective-assistance claims in state court that he now presents on federal habeas corpus review.[17] The Fifth Circuit has recognized that a petitioner must exhaust each distinct allegation of ineffective assistance before raising a claim for ineffective assistance of counsel in federal court. *See Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998). Freeman's unexhausted ineffective-assistance claims could have been raised in his state habeas corpus application. Accordingly, a successive petition would be barred by the Texas abuse-of-the-writ statute. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a). Because Texas would likely bar another habeas corpus application by the petitioner on this subject, this default represents an adequate state procedural ground which bars federal review of his claims unless an exception applies. *See Finley v. Johnson*, 243 F.3d

---

[17] *Compare* Petition [Doc. # 1], at 6-7, *with* Application for a Writ of Habeas Corpus [Doc. # 11-40], at 9-12.

215, 220 (5th Cir. 2000) (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)); *see also Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (concluding that unexhausted claims, which could no longer be raised in state court due to Texas' prohibition on successive writs, were procedurally defaulted).

Once again, Freeman makes no effort to show that he fits with any recognized exception to the doctrine of procedural default. *See Coleman*, 501 U.S. at 750 (explaining that a petitioner who has procedurally defaulted a claim must demonstrate cause and actual prejudice or a fundamental miscarriage of justice to overcome his default). Accordingly, Freeman's unexhausted ineffective-assistance claims are barred from review by the doctrine of procedural default. Because Freeman is not otherwise entitled to relief on any of his claims, the respondent's motion for summary judgment will be granted and this case will be dismissed.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise demonstrate that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 10] is **GRANTED**.

2. The federal habeas corpus petition filed by Clyde James Freeman [Doc. # 1] is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>September 22</u>, 2016.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE
